UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGIE MOQUETTE MILLER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL, et al.,

    Defendants.
_____/

Case No. 21-10990
Honorable Victoria A. Roberts

### ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 26-28, 38, 45, 56]; AND (2) DISMISSING THE CASE

**I.   INTRODUCTION**

Plaintiff Angie Moquette Miller filed this action *pro se* against the Michigan Department of Attorney General ("MDAG"), the Wayne County Prosecutor Office ("WCPO"), the City of Wayne Police Department ("WPD"), Henry Ford Health System ("HFHS"), the Michigan Department of Insurance and Financial Services ("MDIFS"), the United States Postal Service ("USPS"), and the Internal Revenue Service ("IRS"; collectively "Defendants").

Miller complains – generally – that the Defendants participated in a conspiracy to deprive her of her rights to due process and equal protection in a state court health care fraud prosecution.

Before the Court are six motions to dismiss filed by Defendants (the USPS and IRS filed a joint motion). [ECF Nos. 26-28, 38, 45, 56]. Miller responded to each of the motions.

For the reasons below, the Court: (1) **GRANTS** Defendants' Motions to Dismiss [ECF Nos. 26-28, 38, 45, 56]; and (2) **DISMISSES** the case.

## II.  FACTS

This case arises out of Miller's ongoing criminal prosecution for felony health care fraud in Wayne County Circuit Court. Miller alleges wrongdoing against nearly every person and organization involved in the investigatory and prosecutorial processes, including law enforcement officers, prosecutors, judges, and her own attorneys. She specifically alleges:

> I . . . was denied equal rights, fair treatment and protection throughout an alleged and drawn-out criminal proceeding that has no probable cause for nearly 4 years. I have been denied my rights for due process within the States Jurisdiction legal system under the provisions of the 4th Amendment (Wrongful Arrest), 14th Amendment (deprived of due process) and civil rights violation 'under the color of law' conspiracy of State officials acting under disguise to deprive a Black Woman from exercising her 14th Amendment rights within the State Judicial System. These wrongful acts committed by law enforcement, prosecutor, judges, and other local municipalities have blatantly demonstrated their abuse of power and discriminatory practices toward this Plaintiff is evident of "MODERN DAY SLAVERY" of a Black and Accomplished Successful Female who has always been and will continue to be a Strong Voice for those who are Silenced. I have been wrongly accused and arrested for healthcare [sic] fraud in the Michigan State District Courts as a malicious attempt to destroy and harm my character as an

> individual and a professional mental health clinician of 27 years with both a Masters and Doctor Degree in Social Work.
>
> * * *
>
> As a result of lack of finances, I have had 4 court appointed attorneys all attempting to coerce me in taking a 'Jail Diversion' program which I have and continue to refuse. The current pending criminal manner which is clearly an administrative case has consumed nearly 4 years of my life as the conspirators continue to employ entrapment schemes, harassment, gaslighting tactics, opening mail, enabling others additional bad actors to create dba/shell companies using Plaintiffs [sic] credentials and license in other States which Plaintiff is not licensed to Practice. . . .During the awaiting of a trial date, the defendants have conspired to placed [sic] falsified information in plaintiff's medical chart as an attempt to disqualify plaintiff from having a trail [sic] by attempting to allege that Plaintiff is mentally ill and/or suffer [sic] from an addiction.

[ECF No. 25, PageID.285-86].

Miller seeks $33 million in damages as well as an injunction requiring all Defendants to stop improper conduct. To support this request, she says:

> The defendents' [sic] have caused irreparable damage to my personal life, my professional career, and my family's life. The defendants' [sic] have exploited plaintiff's sons who suffer from mental illness and may have attributed to the incarceration to [sic] plaintiffs [sic] youngest son in 2014. . . .The defendants conspired to commit an egregious and malicious act to persecute, cause severe emotional distress, and severe economic injury to plaintiff by blacklisting plaintiff from all payers, including providing veterans/military.

[ECF No. 25, PageID.284].

3

Miller filed suit in April 2021. Defendants moved to dismiss the complaint, and Miller moved to file an amended complaint. The Court granted Miller's motion to amend and denied Defendants' motions to dismiss. Miller filed an amended complaint. Now, Defendants move to dismiss Miller's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss claims that lack subject matter jurisdiction. When a party challenges subject matter jurisdiction, the party asserting jurisdiction bears the burden to establish that subject matter jurisdiction exists. *Kiser v. Reitz*, 765 F.3d 601, 606 (6th Cir. 2014).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible where the facts allow the Court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"); *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citation omitted).

Moreover, because Miller is proceeding without the assistance of counsel, the Court must construe her complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But that "leniency . . . is not boundless"; a *pro se* plaintiff still must comply with "basic pleading standards," and

5

"'[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citations omitted).  Indeed, a *pro se* plaintiff's complaint still "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

**IV.  DISCUSSION**

Defendants move for dismissal on several grounds.  All Defendants say they are entitled to dismissal under Fed. R. Civ. P. 12(b)(6) because Miller fails to state a claim upon which relief can be granted.  Certain Defendants also argue that the Court lacks jurisdiction, that they are not entities capable of being sued, and/or they are immune from suit.  The Court finds that Defendants are entitled to dismissal on multiple grounds, as set forth below.

**A.  MDAG, MDIFS, the USPS, and the IRS are Immune from Suit**

**i.  The Eleventh Amendment Bars Miller's Claims Against MDAG and MDIFS**

MDAG and MDIFS say that the Eleventh Amendment bars Miller's claims against them.  The Court agrees.

Regardless of the relief sought, Eleventh Amendment immunity bars a suit in federal court against a State and its departments and agencies

6

unless the State waived its sovereign immunity or unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003).

Eleventh Amendment immunity is jurisdictional in nature. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("The sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity.").

The state of Michigan has not consented to being sued in civil rights actions in federal court, and Congress has not abrogated Michigan's sovereign immunity with respect to Miller's claims. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). MDAG and MDIFS are departments of the State of Michigan. The Eleventh Amendment bars Miller's claims against MDAG and MDIFS; the Court dismisses those claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Court GRANTS MDAG's and MDIFS's motions to dismiss [ECF Nos. 26, 45].

### ii. <u>Sovereign Immunity Shields the USPS and IRS from Suit</u>

The USPS and IRS say claims against them must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), because Miller failed to identify a waiver of sovereign immunity permitting her claims against them, and no waiver of sovereign immunity exists for Miller's claims. The Court agrees.

To proceed against the United States or an agency of the United States, a plaintiff must identify a waiver of sovereign immunity expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. *Id.*

Because Miller fails to identify a waiver of sovereign immunity which would allow her to bring her claims against the USPS and IRS, and because no such waiver exists, the Court dismisses Miller's claims against these entities for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See Reetz*, 224 F.3d at 795 ("If [plaintiff] cannot identify a waiver [of sovereign immunity], the claim must be dismissed on jurisdictional grounds.").

The Court GRANTS the USPS and IRS's motion to dismiss [ECF No. 56].

## B.     WCPO and WPD are Not Entities Capable of Being Sued

WCPO and WPD say they should be dismissed because they are not legal entities capable of being sued. They are correct.

Courts routinely hold that in Michigan, county prosecutor's offices are not legal entities capable of being sued. *See Nouri v. TCF Bank*, No. 10-12436, 2011 WL 836764, at *13 (E.D. Mich. Mar. 9, 2011) ("The Court agrees that a county prosecutor's office is not an entity subject to suit under § 1983 and the Court shall therefore dismiss the Oakland County Prosecutor's Office from this action." (citations omitted)); *Schleiger v. Gratiot Cty. Prosecutor's Office*, No. 11-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (collecting cases).

The same is true with respect to city police departments in Michigan. *See Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (dismissing claims against city police department because it is not a legal entity that can be sued); *Haverstick Enter. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992), *aff'd* 32 F.3d 989 (6th Cir. 1994) (same).

These Defendants are departments of the county and city; the county and city are the appropriate parties to sue. *See Luster v. Macomb Cty. Sheriff's Jail*, No. 06-12273, 2007 WL 1219028, at *2 (E.D. Mich. Apr. 25, 2007) (citing *Watson v. Gill*, 40 Fed. Appx. 88, 89 (6th Cir. 2002)).

Since WCPO and WPD are not legal entities subject to suit, the Court dismisses Miller's claims against them.

The Court GRANTS WCPO's and WPD's motions to dismiss [ECF Nos. 27, 28].

### C. HFHS is Not a State Actor

HFHS says Miller's claims against it fail because she does not and cannot plausibly allege that HFHS acted "under color of state law" as a state official or agency for purposes of her § 1983 civil rights claims. The Court agrees.

Miller's claims arise under 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived her of a right secured by the Constitution or laws of the United States. *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001). "Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office,

or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Id.* at 359.

Miller fails to plausibly allege that HFHS is a state actor or that it acted under color of state law. HFHS is a private entity – not a state agency or official. It played no role in Miller's criminal proceedings: not as a complaining witness, victim, prosecutor, investigator, or even as the employer of Miller in relation to the insurance fraud allegations underlying the criminal prosecution. Because Miller does not and cannot plausibly allege that HFHS deprived her of a constitutional right while acting under color of state law, her claims against HFHS fail as a matter of law. *See Waters*, 242 F.3d at 358-59.

The Court GRANTS HFHS's motion to dismiss [ECF No. 38] and dismisses Miller's claims against HFHS.

### D. Miller Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Even if: (1) WCPO and WPD were entities capable of being sued; (2) MDAG, MDIFS, the IRS, and the USPS were not entitled to sovereign immunity; and (3) HFHS was a state actor, all Defendants would be entitled to dismissal under Fed. R. Civ. P. 12(b)(6). That is because even construed liberally, Miller's amended complaint is deficient in many ways.

11

Among other things, the amended complaint lacks sufficient factual allegations to show a legal wrong has been committed for which Miller could be granted relief. The amended complaint merely contains labels and legal conclusions – e.g., "I . . . was denied equal protection and due process within the confines of the 14th and 4th admendment [sic] during a false arrest and throughout an alledged [sic] criminal proceeding[]" [ECF No. 25, PageID.283] – without any particularized allegations of wrongdoing which entitle Miller to relief. Miller fails to explain the nature of the alleged civil rights violations; fails to state who committed the alleged violations or which claims are raised against which Defendants; and fails to describe what harm she suffered as a result of particular conduct. Miller's allegations are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are facially implausible and not viable under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678.

In response to Defendants' motions, Miller provides additional facts and legal claims. The additional allegations are not part of the amended complaint, and the Court cannot consider them in deciding the motions to dismiss. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 Fed. Appx. 523, 541-42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34) ("The court may not . . . take into account additional facts

asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Even if the Court could consider the additional allegations, Miller still does not have alleged a plausible claim against Defendants.

Miller fails to state a claim upon which relief may be granted. In addition to the other grounds for dismissal discussed above, Defendants are entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motions to Dismiss [ECF Nos. 26-28, 38, 45, 56] and **DISMISSES** this case.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 30, 2021